IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AARON L. JACKSON**                                                                           **PLAINTIFF**

**v.**                                                            **CAUSE NO. 1:20-cv-360-LG-RPM**

**CLEARWATER SOLUTIONS, LLC**
                                                                                     **DEFENDANT**

**ORDER GRANTING UNCONTESTED MOTION TO SET ASIDE
ENTRY OF DEFAULT AND FOR LEAVE TO FILE ANSWER**

**BEFORE THE COURT** is the [8] Motion to Set Aside Entry of Default and for Leave to File Answer, filed by Defendant, Clearwater Solutions, LLC. The Motion stands unopposed by Plaintiff. After due consideration of the parties' submissions, the record, and the relevant law, the Court finds that the Motion should be granted.

Plaintiff, Aaron L. Jackson, sues Defendant, Clearwater Solutions, LLC, under allegations of employment discrimination in violation of the Americans with Disabilities Act. (*See generally* Compl., ECF No. 1). Plaintiff alleges that, following a request by his employer to mow the lawn around its water system wells, he suffered allergic reactions to the grass, causing "painful sinusitis and bronchitis," which left him unable to perform the task. (*Id.* ¶¶ 17-21). He alleges that he was initially given a mask to redress the issue, but, after continued allergic reactions, Defendant terminated his employment. (*Id.* ¶¶ 22-34). Plaintiff filed this ADA lawsuit on November 30, 2020, asking for front pay, back pay, lost benefits, and other damages. (*Id.* ¶¶ 35-40).

Defendant was served process on February 1, 2021.  (*See* Summons, ECF No. 4).  On the [5] Motion of Plaintiff, the Clerk entered default against Defendant on February 25, 2021.  (*See* Clerk's Entry of Default, ECF No. 6).  Thereafter, on March 9, 2021, Defendant filed an [8] Unopposed Motion to Set Aside Default and for Leave to File its Answer.  In its Motion, Defendant explains that counsel had inadvertently calendared the incorrect date for filing responsive pleadings.  Defendant also advises that Plaintiff does not oppose the Motion, and no such opposition has been filed.

"The Court may set aside an entry of default for good cause. . . ."  Fed. R. Civ. P. 55(c).  "[T]he requirement of 'good cause' . . . ha[s] generally been interpreted liberally."  *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Fed. Dep. Ins. Corp.,* 934 F.2d 681, 685 (5th Cir. 1991)).  "To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"  *Koerner v. CMR Const. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).  Because "[d]efaults are generally disfavored," a motion to set aside an entry of default should be granted "'[u]nless it appears that no injustice results from the default . . .'"  *Id.* (quoting *In re OCA, Inc.*, 551 F.3d 359, 370-71 (5th Cir. 2008)).  After due consideration of Defendant's Motion, and in light of the unopposed nature of its Motion, the Court is convinced

that the Clerk's entry of default should be set aside. Defendant's Motion to Set Aside Entry of Default and for Leave to File Answer is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Uncontested Motion to Set Aside Entry of Default filed by the defendant, Clearwater Solutions, LLC is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Clearwater Solutions, LLC's Answer is due within twenty days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 24th day of March, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE